175 So. 587

**SOUTHERN BROADCASTING CORPO-
RATION v. CARLSON.**

No. 34373.

June 21, 1937.

Rehearing Denied July 8, 1937.

J. Studebaker Lucas, of New Orleans, for applicant.

Maurice B. Gatlin and Edward M. Heath, both of New Orleans, for respondent.

O'NIELL, Chief Justice.

Charles C. Carlson owns a radio broadcasting station, WJBW, in New Orleans, and has a license from the Federal Communications Commission to operate the station. He and the Southern Broadcasting Corporation, represented by its president, Robert Louis Sanders, entered into a written contract, by the terms of which Carlson employed the corporation for the term of five years as manager of the station. It was stipulated in the contract that Carlson, being the licensee, should retain control of the operation of the station and have control of its programs, and should have charge of all business with the Federal Communications Commission, and of all business concerning the license to operate the station. The Southern Broadcasting Corporation was to receive the gross income from the station and pay all operating expenses, and pay the sustaining fee and percentages due to Carlson. The sustaining fee was fixed at $200 per month, payable monthly in advance, with a proviso that if Carlson should install a

new transmitter, or if the gross income of the station should exceed $1,500 per month, the sustaining fee should be increased to $300 per month. The so-called percentages to be paid to Carlson were graduated according to the volume of business done each month.

About eight months after the contract was entered into the Southern Broadcasting Corporation, through its president, brought this suit against Carlson, complaining that ever since about two months after the contract had been in effect Carlson had interfered with the management of the station and had disrupted its business, and had virtually retaken possession and charge of the station, with the aim and purpose of compelling the Southern Broadcasting Corporation to relinquish its rights under the contract. The plaintiff prayed for a judgment against Carlson for $12,000 damages, and for an accounting of $180 alleged to have been advanced to him by the plaintiff, and prayed also for a temporary restraining order, and for a preliminary injunction, to be finally perpetuated, to forbid Carlson from interfering with the management of the station in the many ways in which it was alleged he was interfering with it.

The judge of the civil district court did not issue a temporary restraining order, but issued a rule on Carlson to show cause why a preliminary injunction should not be granted. In response to the rule, Carlson took exception to the jurisdiction of the court, ratione materiæ, and in the alternative pleaded that the plaintiff had no cause or right of action. The judge, after hearing the arguments, sustained the exception to the jurisdiction of the court, ratione materiæ, and dismissed the suit. The case is here on a writ of certiorari and an alternative writ of mandamus, granted at the instance of the plaintiff.

The exception to the jurisdiction of the court is founded upon the Federal Communications Act of 1934 (June 19, 1934, c. 652) § 608, 48 Stat. 1105, 47 U.S.C.A. § 608; section 4 (f) of the act, as amended by Act of January 22. 1936, 47 U.S.C.A. § 154 (f); title 3 of the act, Special Provisions Relating to Radio, §§ 301–329 (as amended), 47 U.S.C.A. § 301 et seq.

By the Communications Act of 1934, which superseded the Radio Act of February 23, 1927 (44 Stat. 1162, see 47 U.S.C.A. § 81 et seq., and notes), the Congress assumed control of radio communication or transmission throughout the United States, and, to that end, provided for the appointment of a Communications Commission, with exclusive authority to grant licenses for the use of the channels of interstate and foreign radio transmission.

It is contended by the defendant in this case, and was maintained by the judge of the civil district court, that, inasmuch as the plaintiff in this case could not, without the approval of the Federal Communications Commission, make use of the license held by the defendant, the plaintiff should first take his cause or complaint to the Federal Communications Commission, and, if the commission should decide against him, he should appeal to the United States Court of Appeals for the District of Columbia. The statute, section 402 of the act

(47 U.S.C.A. § 402), provides for appeals to that court from the orders or rulings of the Communications Commission.

The powers and duties of the commission are listed in section 303 of the act (47 U.S.C.A. § 303), viz.: (a) To classify radio stations; (b) to prescribe the nature of the service to be rendered by each class of licensed stations, and by each station within any class; (c) to assign bands of frequencies to the various classes of stations, and assign frequencies to each individual station, and to determine the power which each station shall use, and the time during which it may operate; (d) to determine the location of classes of stations and individual stations; (e) to regulate the kind of apparatus to be used, etc.; (f) to make regulations to prevent interference between stations, etc.; (g) to study new uses for radio and to provide for experimental uses of frequencies, and generally to encourage the larger and more effective use of radio in the public interest; (h) to establish areas or zones to be served by any station; (i) to make special regulations applicable to radio stations engaged in chain broadcasting; (j) to make general rules and regulations requiring stations to keep records of programs, etc.; (k) to exclude from the requirements of any regulation any radio station on railroad rolling stock, or to modify such regulations, in the discretion of the commission; (l) to prescribe the qualifications of station operators, to classify them according to the duties to be performed, to fix the forms of their licenses, and to issue them to such citizens of the United States as the commission finds qualified; (m) to suspend the license of any operator for a period not exceeding two years upon proof sufficient to satisfy the commission that the licensee has violated certain specified provisions of the act, etc.; (n) to inspect all transmitting apparatus to ascertain whether in construction and operation it conforms to the requirements of the statute, and to the rules and regulations of the commission, and the license under which it is constructed or operated; (o) to designate call letters of all stations; (p) to cause to be published such letters and such other announcements and data as in the judgment of the Commission may be required for the efficient operation of radio stations subject to the jurisdiction of the United States and for the proper enforcement of the statute; (q) to require the painting or illumination—or the painting and illumination—of radio towers if and when in the judgment of the commission such towers constitute, or if there is a reasonable possibility that they may constitute, a menace to air navigation.

We have given an analysis of section 303 of the statute (47 U.S.C.A. § 303) to show what broad powers and extensive duties the Communications Commission has. But, from the general nature of these powers and duties, and their public character, we are constrained to believe that it was not intended by the act of Congress that the Communications Commission should be called upon to decide disputes of a personal or private nature, between individuals, such as the dispute that is presented in this case. In that connection our attention is called to section 414 of the act (47 U.S.C.A. § 414), which, under title 4,

Procedural and Administrative Provisions, declares that nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.

 Of course, a state court could not, without the approval of the Communications Commission, order a transfer of a license, or of any right granted thereunder. 47 U.S.C.A. §§ 309 (b) (2), 310 (b). But the plaintiff in this case is not seeking to obtain from the defendant any right that he may have under his license to operate the radio station, or to prevent the defendant from exercising any right that he may have under the license. The plaintiff is suing for damages for an alleged breach of a contract, and for an injunction to prevent a further breach of the contract, which, as far as we see, is not violative of any provision in the Federal Communications Act of 1934. The statute may prevent the court from granting some of the relief prayed for by the plaintiff; but that is a matter to be determined on the merits of the case, or perhaps on the defendant's plea of no cause or right of action. The civil district court has jurisdiction to consider and dispose of the principal demand of the plaintiff in this case, and to determine the extent to which the court may grant an injunction without violating the Federal Communications Act of 1934.

The defendant's exception to the jurisdiction of the civil district court is overruled, and it is ordered that the case be reinstated on the docket of the court for further proceedings consistent with the opinion which we have expressed. The defendant is to pay the costs incurred in the trial of the exception to the jurisdiction of the court, including the costs of the present proceeding; all other costs are to abide the final disposition of the case.