178 So. 505

## SOUTHERN BROADCASTING CORPORA-
## TION v. CARLSON.

### No. 34527.

Dec. 9, 1937.

J. Studebaker Lucas, of New Orleans, for relator.

Maurice B. Gatlin and Edward M. Heath, both of New Orleans, for respondent.

O'NIELL, Chief Justice.

This proceeding is a sequel of the case bearing the same title and reported in 187 La. 823, 175 So. 587. According to the allegations in the plaintiff's petition, Charles C. Carlson, who is the defendant in the suit, owns a radio broadcasting station, WJBW, in New Orleans, and holds a license from the Federal Communications Commission to operate the station. He and the plaintiff in this suit, the Southern Broadcasting Corporation, represented by its president, Robert L. Sanders, entered into a written contract, by the terms of which Carlson employed the corporation, for the term of five years, to manage the business of the station. It was stipulated in the contract that Carlson, being the licensee, should retain control of the operation of the station, and have control of its programs, and remain in charge of all business with the Federal Communications Commission. The Southern Broadcasting Corporation was to receive the gross income and pay the operating expenses of the business, and pay to Carlson a stipulated sustaining fee and certain percentages stipulated in the contract.

About eight months after the contract was entered into, the Southern Broadcasting

Corporation, through its president, brought this suit against Carlson, complaining that he was violating the contract by interfering with the management of the station and disrupting its business, and attempting to retake charge of the business, with the aim and purpose of compelling the Southern Broadcasting Corporation to relinquish its rights under the contract. The plaintiff prayed for a judgment against Carlson for $12,000 damages, and for an accounting of $180 alleged to have been advanced to him by the corporation. The plaintiff prayed also for a temporary restraining order, and for a preliminary injunction, to be finally perpetuated, to prevent Carlson from violating the contract by interfering with the management of the business in the ways in which it was alleged he was interfering with it.

The judge did not issue a temporary restraining order, but issued a rule on Carlson to show cause why a preliminary injunction should not be granted. Carlson, in response to the rule, pleaded that the court had not jurisdiction ratione materiæ, and, in the alternative, that the petition, and a supplemental petition which the plaintiff had filed, did not set forth a right or cause of action. The plea that the court was without jurisdiction was founded upon the proposition that, by virtue of the Federal Communications Act, Act of June 19, 1934, § 301 et seq., as amended, 47 U.S.C.A., § 301 et seq., title 3, Special Provisions Relating to Radio, the matters in controversy were under the exclusive jurisdiction of the Federal Communications Commission, subject only to a right of appeal to the United States Court of Appeals for the District of Columbia, under section 402 of the act, 47 U.S.C.A. § 402. The judge sustained the plea to the jurisdiction of the court, and dismissed the suit. The case was then brought to this court on a writ of certiorari and an alternative writ of mandamus, issued at the instance of the plaintiff.

Having made a thorough analysis of the pertinent provisions of the Federal Communications Act, this court gave the unanimous opinion that the controversy, as set forth in the plaintiff's petition, was not under the exclusive control or jurisdiction of the Federal Communications Commission, subject to appeal to the United States Court of Appeals for the District of Columbia. Hence this court, by unanimous decree, reversed the ruling of the judge of the civil district court, and rendered this decree, viz.:

"The defendant's exception to the jurisdiction of the civil district court is overruled, and it is ordered that the case be reinstated on the docket of the court for further proceedings consistent with the opinion which we have expressed."

When the case was reinstated on the docket of the civil district court, and the rule to show cause why a preliminary injunction should not be granted came on to be heard, the judge took up for hearing the defendant's plea of exception that the plaintiff had no cause of action for a preliminary injunction; and the judge, after hearing the matter, sustained the exception of no cause of action and dismissed the rule for a preliminary injunction.

The plaintiff then filed a petition in this court, praying for a writ of certiorari, and for a decree overruling the exception of no cause of action, and for a writ of mandamus to compel the judge "to proceed with a hearing of the rule" to show cause why a preliminary injunction should not be granted. This court issued the writ of certiorari and a rule on the judge and the defendant, Carlson, to show cause why the relief prayed for by the relator, Southern Broadcasting Corporation, should not be granted.

In response to the writ of certiorari the judge has returned the record to this court, and, in response to the rule to show cause why this court should not grant the relief prayed for by the relator, the judge and the respondent, Carlson, say that the judge did not decline to entertain jurisdiction over the case, but, on the contrary, in obedience to the ruling of this court, entertained jurisdiction, by hearing and considering and disposing of the exception of no cause of action for a preliminary injunction. The respondents direct our attention to the fact that the only decree that the judge has rendered is a decree dismissing the rule for a preliminary injunction, on the ground that the plaintiff has no cause of action for a preliminary injunction. In that connection, the respondents say that the judge has proceeded in accordance with the following paragraph in the opinion which we rendered on the former hearing, 187 La. 823, 175 So. 587, 589, 590, viz.:

"Of course, a state court could not, without the approval of the Communications Commission, order a transfer of a license, or of any right granted thereunder. 47 U. S.C.A. §§ 309(b), (2), 310(b). But the plaintiff in this case is not seeking to obtain from the defendant any right that he may have under his license to operate the radio station, or to prevent the defendant from exercising any right that he may have under the license. The plaintiff is suing for damages for an alleged breach of a contract, and for an injunction to prevent a further breach of the contract, which, as far as we see, is not violative of any provision in the Federal Communications Act of 1934. The statute may prevent the court from granting some of the relief prayed for by the plaintiff; but that is a matter to be determined on the merits of the case, or perhaps on the defendant's plea of no cause or right of action. The civil district court has jurisdiction to consider and dispose of the principal demand of the plaintiff in this case, and to determine the extent to which the court may grant an injunction without violating the Federal Communications Act of 1934."

We do not yet see, in the contract on which this suit is founded, and which forms part of the plaintiff's petition, any violation of the Federal Communications Act. The plaintiff and the defendant, being the only parties to the contract, filled it with expressions of their intention to avoid any stipulation that might be violative of the Federal Communications Act. For example, at the outset, in article I of the contract, it is said: "This contract shall be subject to all the rules and regulations of the Federal Communications Commission," etc. In article II it is stipulated that Charles C. Carlson, as owner of the radio station, shall re-

tain full and complete control over the operation of the station and the programs to be broadcast over the station, and shall have control of all business with the Federal Communications Commission; and that all business concerning the license of the radio station shall be done by Carlson. In article IX of the contract it is stipulated that, on each and every occasion when the radio station, WJBW, comes on the air, and again when it leaves the air, an announcement shall be made that Charles C. Carlson is the owner and operator of the radio station WJBW. In article X of the contract it is stipulated that all rates for time over the station shall be approved by Carlson. And in article XII it is stipulated that, whereas Robert L. Sanders, president of the Southern Broadcasting Corporation, owns the controlling interest and stock in the corporation, therefore it is understood that, if Sanders should dispose of his controlling interest in the Southern Broadcasting Corporation, Carlson shall have the right and option of canceling this contract.

■ It may be that the parties to the contract protested too much, in their avowals of obedience to the Federal Communications Act; that is to say, it may be that the protestations of the parties left the Southern Broadcasting Corporation and its president without much authority in the premises. For that reason it is possible that the Southern Broadcasting Corporation is without a cause or right of action for a preliminary injunction, although that does not seem to be the reason why the judge of the civil district court refused to grant the preliminary injunction. On the con-

trary, the judge held that the contract sued on was, on its face, violative of the Federal Communications Act, and hence absolutely null. Some of the expressions in the opinion rendered by the judge, and in his response to the rule which we issued in this case, seem to be not quite relevant to the issue, nor altogether in accord with the opinion which we have rendered in the case. For example the judge says:

"Under the act of Congress, the entire subject matter is regulated and controlled by the Federal Government through this Communications Commission, and in fact every licensee is a Federal officer, as much so as a colonel in the regular army, or a captain, or rear admiral, or commander in the navy. * * *

"This matter of the exception of no cause of action as to the claim for a preliminary injunction is easily determined by the well-known principle of Civil law, which has always prevailed in this state, namely, 'that whatever is done in contravention of a prohibitory law is null and void', and when a licensee, in any manner, shape or form, undertakes to deprive himself of the complete control of a station given to him by the Federal government it is as null and void as would be a contract made by the captain of a naval vessel, by which he turned over the navigation and running of the vessel to a merchant captain."

And, to this the judge adds, in his response to the rule issued by this court: "Ex nihilo nihil fit."

From these reasons which the judge has given for refusing to grant a preliminary

injunction in the case, it is possible that, as a matter of consistency, the judge will feel obliged to dismiss the suit itself again—this time for want of a cause of action—but for the same reason that caused him to dismiss the suit for want of jurisdiction. Therefore, to avoid any further unnecessary delay, or unnecessary proceedings of this character, we take occasion to say that, if the judge does not have some other reason for dismissing this suit for want of a cause or right of action, than the reason which he gave for dismissing the suit for want of jurisdiction, the suit shall not be so dismissed, but shall be heard on its merits.

It is true that once in his petition the plaintiff refers to the contract sued on as a "lease," but the plaintiff does not claim that it is a lease or transfer of the license to operate the station; and the contract itself, which forms a part of the petition, shows that it does not purport to be a lease or transfer of the license to operate the station.

The decree which the judge has rendered, and which the relator complains of, is merely a refusal to grant a preliminary injunction. The reason given for the refusal to grant the writ is not of paramount importance, so long as the judge has not dismissed the suit itself for the reason given. The case is not one in which it is the ministerial duty of the judge to grant a preliminary injunction. Hence the relator is not entitled to a writ of mandamus.

The relief prayed for is denied at relator's cost, and the case is ordered proceeded with in the civil district court in conformity with the opinion which we have rendered.