Taking advantage of the provisions of Act 123 of 1922, the plaintiff, Day Stores, Inc., filed a petition of interpleader in the Civil District Court alleging as follows: That, sometime prior to March 1, 1937, it entered into a verbal contract for radio advertising over a broadcasting station located in the City of New Orleans known as Station WJBW; that, in conformity with the agreement, certain advertising services were rendered to it from March 1, 1937, to April 10, 1937, at the rate of $200 per month and that, as a result, it became indebted to the broadcasting station in the sum of $308.33. It further declared that a corporation known as Southern Broadcasting Corporation, Charles C. Carlson, George Blumenstock and Robert Louis Sanders are all claiming from it the amount of its indebtedness to the broadcasting station; that it is unable to determine which one of the above named persons is entitled to receive the payment and that it desired to deposit the amount due in the registry of the court and thereby be relieved from all liability in the premises. It accordingly prayed that Southern Broadcasting Corporation, Carlson, Blumenstock and Sanders be duly cited to appear and assert their claims; that it be permitted to deposit the fund into the registry of the court; that, after due proceedings, it be *Page 100 
relieved from responsibility and that it be reimbursed for costs of court.
Acting in conformity with plaintiff's request, the district judge granted permission to it to deposit the fund in the registry of the court and the deposit was duly made. Thereafter, two of the claimants appeared and asserted that they were entitled to receive the fund. These claimants were Charles C. Carlson and the Southern Broadcasting Corporation.
In answer to plaintiff's petition, Carlson averred that he is the sole owner of the radio broadcasting station WJBW, holding an exclusive license from the Federal Communications Commission to operate it; that any and all sums due for advertising over the radio station are payable to him and to no other person and that the other respondents named by plaintiff have no right or interest whatever in the sum paid into the registry of the court.
In its answer, the Southern Broadcasting Corporation alleged that it is entitled to receive the amount paid into the registry of the court by plaintiff; that plaintiff is incorrect in alleging that it had a verbal understanding with the broadcasting station for advertising services to be rendered; that, in truth and in fact, plaintiff executed on October 1, 1936, a written contract with it (claimant) for advertising over Radio Station WJBW; that the amount due under said written contract is not the sum of $308.33 as alleged by plaintiff, but the sum of $333.33; that Charles C. Carlson or any other person is without interest to the fund deposited inasmuch as the said Carlson, as owner of the broadcasting station WJBW, entered into a written contract with claimant (Southern Broadcasting Corporation) wherein it was given by said Carlson the sole and exclusive use of all radio time over Station WJBW with the exclusive right to contract in its own name and receive all of the compensation for broadcasting over the radio station all as shown by the contract between the parties which was annexed and made part of the answer. It accordingly prayed that it be recognized as owner of the fund deposited in the registry of the court and that the claim of Carlson be rejected.
After these pleadings had been filed, the claimant Carlson filed a motion for judgment on the face of the pleadings and the district judge issued an order for the plaintiff, Day Stores, Inc., and the other claimant, Southern Broadcasting Corporation, to show cause why Carlson should not be granted a judgment and be held to be entitled to the money deposited in the registry of the court.
In due course, this rule for judgment came up for trial and the judge, after hearing argument of counsel, held that the contract between Carlson and the Southern Broadcasting Corporation was null and void in that it violated the Federal Communications Act, Act of June 19, 1934, § 301 et seq., as amended, 47 U.S.C.A. § 301 et seq., Title 3, Special Provisions relating to Radio, and that, since Carlson was the owner of the radio station and operated it under a license lawfully obtained from the federal government, he was entitled to all funds due for advertising over the station. He accordingly made Carlson's rule absolute and ordered that the fund deposited in the registry of the court be turned over to him. The Southern Broadcasting Corporation has prosecuted this appeal from the adverse decision.
It is the contention of counsel for appellant that the judgment appealed from is clearly erroneous because the reasons given by the trial judge are in discord with the views heretofore expressed by the Supreme Court in its opinions in the case of Southern Broadcasting Corporation v. Carlson, 187 La. 823,175 So. 587, and Id., 188 La. 959, 178 So. 505, wherein the identical contract, which the district judge finds to be null and void, was upheld as not being violative of the Federal Communications Act.
The point is well taken. Prior to the filing of the present proceeding by Day Stores, Inc., the Southern Broadcasting Corporation brought suit in the Civil District Court against Carlson for damages for breach of the contract wherein Carlson had employed it for a term of five years as manager of the broadcasting station WJBW. In addition to its demand for damages, it prayed for a preliminary injunction restraining Carlson from interfering with its management of the radio station and a rule nisi was issued by the District Court for Carlson to show cause why the injunction should not be granted. On the return day of the rule, Carlson filed a plea to the jurisdiction of the Civil District Court and also an exception of no right or cause of action.
The plea to the jurisdiction was based upon the ground that, since the radio station came under the jurisdiction of the *Page 101 
Federal Communications Act, any rights which the Southern Broadcasting Corporation might have against Carlson under the contract were cognizable only under the Act of Congress which provided an exclusive remedy by hearing before the Federal Communications Commission with an appeal from its decision to the United States Court of Appeals for the District of Columbia. This plea was maintained by the trial judge and the Southern Broadcasting Corporation applied to the Supreme Court for writs of certiorari and mandamus. The writs were granted and the Supreme Court held that the Civil District Court had jurisdiction of the controversy and remanded the case to that court for trial on its merits. See Southern Broadcasting Corp. v. Carlson,187 La. 823, 175 So. 587.
After the remand of the case to the Civil District Court, the matter again came up on the rule of the Southern Broadcasting Corporation for a preliminary injunction. On the hearing of this rule, Carlson urged the exception of no right or cause of action which had been previously filed by him. The judge sustained that exception and dismissed the rule on the ground that the contract between the Southern Broadcasting Corporation and Carlson was null and void because Carlson had, in effect, by the provisions of the agreement, licensed or leased the use of Station WJBW to the Southern Broadcasting Corporation in direct violation of the Federal Communications Act.
From this decision, the Southern Broadcasting Corporation again applied to the Supreme Court for writs of certiorari and mandamus. These writs were granted but the court, after a consideration of the matter, refused to make them peremptory on the ground that the trial judge had not dismissed plaintiff's suit in entirety but had merely refused to issue a preliminary injunction. In reaching this conclusion, the opinion of the Court by Chief Justice O'Niell (See Southern Broadcasting Corp. v. Carlson, 188 La. 959, 178 So. 505, 506) nevertheless clearly pointed out that the court was in absolute disagreement with the trial judge with respect to the reasons advanced by the latter for sustaining the exception of no right or cause of action, for it said: "We do not yet see, in the contract on which this suit is founded, and which forms part of the plaintiff's petition, any violation of the Federal Communications Act. The plaintiff and the defendant, being the only parties to the contract, filled it with expressions of their intention to avoid any stipulation that might be violative of the Federal Communications Act."
The court then goes on to cite specific provisions of the contract upon which it rests its decision that the contract on its face does not violate the federal statute. In addition, the opinion quotes at length from the reasons given by the lower judge in his finding that the contract violated a prohibitory law and was therefore void and after careful examination of the judge's reasons, the court remarks:
"From these reasons which the judge has given for refusing to grant a preliminary injunction in the case, it is possible that, as a matter of consistency, the judge will feel obliged to dismiss the suit itself again — this time for want of a cause of action — but for the same reason that caused him to dismiss the suit for want of jurisdiction. Therefore, to avoid any furtherunnecessary delay, or unnecessary proceedings of this character,we take occasion to say that, if the judge does not have someother reason for dismissing this suit for want of a cause orright of action, than the reason which he gave for dismissing thesuit for want of jurisdiction, the suit shall not be sodismissed, but shall be heard on its merits.
"It is true that once in his petition the plaintiff refers to the contract sued on as a `lease,' but the plaintiff does not claim that it is a lease or transfer of the license to operate the station; and the contract itself, which forms a part of the petition, shows that it does not purport to be a lease or transfer of the license to operate the station." (Italics ours)
Thus it will be observed that the Supreme Court has declared, in no uncertain terms, that the contract between the Southern Broadcasting Corporation and Carlson is not void and unenforcible and that it does not on its face violate the Federal Communications Act. Notwithstanding this, the district judge, in making Carlson's rule for judgment absolute in this matter, bases his decision solely upon the ground that such is the case. So far as this court is concerned, the matter is foreclosed by the opinion of the Supreme Court and we must abide by its views.
Counsel for Carlson argues orally and in brief that, even though we find ourselves unable to maintain the judgment below for the reasons given by the trial judge the *Page 102 
rule for judgment should be made absolute upon another ground. He maintains that Carlson has been compelled to cancel his contract with the Southern Broadcasting Corporation and discontinue its services as manager of Radio Station WJBW because of incompetency and inefficiency and because it has misused funds and committed other divers acts that nearly wrecked the operation of the radio station; that Carlson had the right to terminate the contract of employment for cause and that, since the agreement has been abrogated, he, as owner of the radio station, is entitled to all funds due by advertisers for radio broadcasting.
We find, however, that the question raised by counsel is not properly before the court on Carlson's rule for judgment on the face of the pleadings. This is a matter which concerns the merits of the case for there is nothing in the record to show that the contract between the parties has ever been cancelled or that Southern Broadcasting Corporation was discharged for cause.
For the reasons assigned, the judgment appealed from is reversed, the motion of Charles C. Carlson for judgment herein on the pleadings is denied and it is now ordered that the case be and it is remanded to the Civil District Court for the Parish of Orleans for further proceedings in accordance with law and not inconsistent with the views herein expressed. The costs of this appeal to be paid by Charles C. Carlson, other costs to await the final determination of the cause.
Reversed and remanded.